117082-4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NO. 8:24-cv-2331

VASSILIOS "BILL" SKOTANIS,

    Plaintiff,

vs.

NORDSTROM, INC., a Foreign Profit
Corporation,
d/b/a NORDSTROM RACK

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL AND MEMORANDUM OF LAW IN SUPPORT

The Defendant, NORDSTROM RACK, by and through their undersigned counsel and pursuant to M.D. FLA. L.R. 1.06 and 28 U.S.C. §§ 1332, 1441 and 1446 hereby give notice of the removal of this cause to the United States District Court for the Middle District of Florida, and as grounds for such removal, states as follows:

1. On or about August 30, 2024, Plaintiff VASSILIOS "BILL" SKOTANIS, filed a Complaint against Defendant NORDSTROM, INC., a Foreign Profit Corporation, d/b/a NORDSTROM RACK (See State Court Complaint).

2. On September 10, 2024, Defendant Nordstrom, Inc. was served with the Summons and Complaint. (See Service Affidavits Attached as Exhibit). This cause was originally filed in the Circuit Court of the 6th Judicial Circuit in and for Pinellas County, Florida with case number 2024-003916-Cl-15.

CASE NO. 24-003916-CI-15

3. This case revolves around a trip and fall that occured on February 21, 2023 wherein Plaintiff fell as he walked through and/or around an open and obvious rolling clothing rack at the subject Nordstrom Rack store located at 2435 State Road 580, Clearwater, Pinellas County, Florida, 33761.

4. Plaintiff alleges that as a result of the accident, the Plaintiff VASSILIOS "BILL" SKOTANIS was severely, significantly, and permanently injured within a reasonable degree of medical probability in and about his head, neck, body, limbs, and nervous system; had permanently and significantly scarred and/or disfigured; had incurred a significant and permanent loss of body functions; and/or has suffered an aggravation of a pre-existing condition.  As a further direct and proximate result, Plaintiff alleges that he suffered extreme pain and suffering, disability, physical impairment, mental anguish, inconvenience, and loss of capacity for the enjoyment of life, and Will so suffer in the future.  As a further direct and proximate  result of said injuries, the Plaintiff alleges that he has in the past and will in the future be obligated to pay large sums of money for doctors' bills, hospital bills, and other directly and indirectly related expenses in an effort to alleviate his suffering adn cure his injuries.  Further, Plaintiff alleges that he has also suffered a loss of earnings in teh past as a result of his injuries and has incurred a diminished of his earning capacity which will continue in the future.  Plaitniff alleges that his losses are either permanent or continuing, and the Plaintiff will suffer these losses in the future.  (Complaint, Paragraph 17).

*Diversity*

5. Plaintiff, VASSILIOS "BILL" SKOTANIS, was and is a resident of Wayne County, Michigan and a part-time resident of Pinellas County, Florida. (Plaintiff's Complaint, , ¶ 2). Therefore, Plaintiff is a citizen of Michigan for diversity purposes. *McCormick vs. Aderholt*,

CASE NO. 24-003916-CI-15

293 F.3d 1254, 1257 (11th Cir. 2002) (Domicile is the equivalent of citizenship for diversity purposes); *Deckers vs. Kenneth W. Rose, Inc.,* 592 F. Supp 25, 28 (M.D.Fla. 1984) (The current residence of a party is *prima facie* evidence of his domicile). Even if this Court finds that Plaintiff was a citizen of Florida, removal is proper because of complete diversity with the Defendant, Nordstrom, Inc.

6. Defendant, NORDSTROM RACK/NORDSTROM, INC., was and is a resident (i.e., a foreign corporation) of King County and the State of Washington. (Exhibit A, Affidavit of Anne Umberger in Support of Notice of Removal; see also attached documentation from Florida Department of State, Division of Corporations, filed January 26, 2023, attached hereto as Exhibit B). Nordstrom is incorporrated in the State of Washington and maintains its principal place of Business in Seattle, Washington. Nordstrom is not incorproated under the laws of the State of Florida. As such, Nordstrom is a citizen of Washington for the purpose of federal diversity jurisdiction. See 28 U.S.C. § 1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."); *See also Taylor Newman Cabinetry, Inc. vs. Classic Soft Trim, Inc.*, 2010 WL 4941555 (M.D. Fla. 2010).

7. Although a company may conduct business in multiple places, the Supreme Court has determined that "principal place of business" for a corporation is its nerve center: "the place where a corporation's officer officers direct, control, and coordinate the corporation's activities." *Hertz vs. Corp. vs. Friend*, 559 U.S. 77, 130 S.Ct. 1181, 175 L.Ed.2d 1029 (2010) (establishing "nerve center" test as uniform approach for determining corporate citizenship).

CASE NO. 24-003916-CI-15

8. As such, complete diversity of citizenship exists between the parties in accordance with 28 U.S.C. §1332.

### *Removal is Timely*

*9.* Plaintiff filed his Complaint on August 30, 2024. Defendant Nordstrom was served with the Summons on Amended and Amended Complaint on September 10, 2024. (Exhibit "C"). Accordingly, this Notice of Removal is timely filed within thirty days after the date of receipt of the summons and a copy of the initial pleading setting forth the claim for relief upon which this action is based. See 28 U.S.C. § 1446(b); *Murphy Bros, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the thirty-day time period under removal statute begins to run from the date of formal service).

### *Amount in Controversy*

10. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. See U.S.C. §1332. Pursuant to 28 U.S.C. §1332(a)(1), a District Court has jurisdiction over all civil actions where the matter in controversy excedes $75,000.00 and is between citizens of different states.

11. Where the Complaint contains no specification of damages, the Court can consider the allegations in the notice of removal. *DeAguilar v. Boeing*, 11 F.3d 55, 57 (5th Cir. 1993); *Wright v. Continental Case. Co.*, 456 F.Supp 1075 (M.D. Fla. 1978) (court may look to removal petition if complaint fails to adequadely allege amount in controversy); *Lewis v. AT&T Corp.*, 898 F.Supp. 907, 909 (S.D. Fla. 1995) ("[I]t is appropriate for a federal court to look beyond the face of a complaint in assessing its jurisdiction when a notice of removal is filed.").

CASE NO. 24-003916-CI-15

12. *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356–57 (11th Cir. 1996) (recognizing "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement."), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1072 (2000).

13. Although "the defendant's burden of proof [is] a heavy one," the 11th Circuit Court of Appeals made it clear that:

> "[a]dopting this standard does not mean that a removing defendant can never prevail. A defendant could remain in federal court if he showed that, if plaintiff prevails on liability, an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than [the jurisdictional threshold]."

*Burns v. Windsor Ins. Co.,* 31 F.3d 1092 (11th Cir. 1994)

14. Here, although the Plaintiff's Complaint sets forth the minimal jurisdictional allegations necessary to invoke the jurisdiction of the state trial court, the nature and extent of the damages alleged in the Plaintiff's Complaint, the specific amount of both past and future medical bills alleged in Plaintiff's demand letter, as well as Plaintiff's alleged economic wage loss and pain and suffering, demonstrate that the amount in controversy well-exceeds the amount necessary to invoke the jurisdiction of the District Court. Therefore, the Defendant has met its burden in establishing the amount in controversy requirement.

15. In support of jurisdiction, Defendant points to the Plaintiff's March 15, 2024 demand letter. In the demand letter, Plaintiff alleges injuries to his left knee, left shoulder and lower back. In the demand letter, Plaintiff alleged $20,570.61 in past medical bills. Plaintiff also alleged future left shoulder surgery with a cost of $40,000 to $50,000, future left knee surgery with

a cost of $30,000 to $45,000 and the implementation of a spinal cord stimulator with a cost of $80,000. Therefore, the total expected costs of Plaintiff's future medical expenses will exceed this Court's $75,000 threshold. (See Exhibit "D", Plaintiff's March 15, 2024 letter). Portions of Plaintiff's Demand Letter attached as Exhibit D stated as follows:

> According to Dr. Bak, Mr. Skotanis will require left shoulder surgery in order to fix and repair the deep partial bursal surface tear of the supraspinatus tendon in his left shoulder, which is continuing to worsen over time, and which was caused by the 2/21/23 trip and fall.
>
> The cost of this medically necessary and causally related future left shoulder surgery will cost $40,000 to $50,000.
>
> According to Dr. Banka, Mr. Skotanis will require ongoing treatment to his fractured left knee in the form of injections, physical therapy, MRIs, MR Arthrograms, and possibly a left knee surgery if these future diagnostic studies show a meniscus tear.
>
> The cost of this medically necessary and causally related future conservative care and treatment for Mr. Skotanis' left knee, not including a left knee arthroscopic surgery, will cost approximately $2,000 to $3,000 per year for the rest of his life, or $30,000 to $45,000.
>
> Finally, according to Dr. Tarabishy and Dr. Mahalich, Mr. Skotanis will require implementation of a spinal cord stimulator (SCS) in order to resolve his permanently aggravated, constant, daily, and unresolved right drop foot.
>
> The cost of this medically necessary and causally related future SCS implementation will cost $80,000.
>
> Therefore, in summary, the total expected cost of Mr. Skotanis' future medical expenses over his remaining life expectancy will exceed $200,000.

16. Settlement demands may be viewed as evidence of the amount in controversy. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1995) ("While this settlement offer, by itself, may not be determinative, it counts for something."); *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F.Supp.3d 1251 (S.D. Fla. 2015) (Plaintiff's presuit demand letter seeking $450,000 in damages against defendant for negligence and loss of consortium was sufficient to establish that the amount in controversy exceeded $75,000.); *Kilmer v. Stryker Corp.,* No. 5:14-

CASE NO. 24-003916-CI-15

CV-456-OC-34PRL, 2014 WL 5454385, at *4 (M.D. Fla. October 27, 2014) (holding that pre-suit demand letter, which specified past medical expenses totaling $72,792.93, combined with claims for permanent injury, pain and suffering, and past and future economic loss, was sufficient evidence that the amount in controversy requirement was met); *Hardesty v. State Farm Mut. Auto Ins. Co*., No. 609-cv-735-Orl-31KRS, 2009 WL 1423957, at *2-3 (M.D. Fla. May 18, 2009) (relying on settlement offers to demonstrate jurisdictional amount has been met).

17. S*ee Archer v. Kelly*, 271 F.Supp.2d 1320, 1322 (N.D. Okla. 2003)(holding the plaintiff's demand letter alleging damages of $1,325,000 was sufficient to establish that plaintiff's claim exceeded amount in controversy requirement necessary to exercise diversity jurisdiction); *Molina v. Wal-Mart Stores Tx.*, 535 F.Supp.2d 805, 806 (W.D. Tex. 2008)(holding customer's pre-suit demand letter alleging damages of $100,000, was sufficient to establish an amount in controversy exceeding $75,000); *see also Scott v. Home Depot U.S.A., Inc.*, 2012 WL 86986, *2 (Fla. S.D. 2012) (stating "a defendant may introduce its own affidavits, declarations or other documentation" to meet its burden to show that the amount in controversy exceeds $75,000).

18. "While a pre-suit demand letter alone may not be determinative of the amount in controversy when it 'reflect[s] puffering and posturing, … [a demand letter] that provides specific information to support the plaintiff's claim for damages … [is] entitled to more weight." *Moses v. The Home Depot U.S.A., Inc.*, No. 13-60546-CIV-ROSENBAUM, 2013 WL 11977971, at *1 (S.D. Fla. June 19, 2013) (*citing Jackson v. Select Portfolio Servicing, Inc.,* 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009); *see also Wilson v. Target Corp.,* 2010 WL 3632794, *4 (S.D. Fla. Sept. 14, 2010) (finding that a detailed pre-suit demand letter that deliniated the extent of the alleged injuries, the physicians who treated the plaintiff and the medical care received could be considered

reliable evidence that damages would exceed $75,000.00); *La Rocca v. Stahlheber*, 676 F. Supp. 2d 1347, 1349 (S.D. Fla. 2009) (holding that the amount in controversy was met based solely on information from medical reports included as part of a pre-suit demand package).

19. Here, Plaintiff's alleged past medical bills of $20,570.61, combined with Plaintiff's alleged future medical care costing $40,000 to $50,000, $30,000 to $45,000 and $80,000 (total of $150,000 - $175,000) clearly satisfies the jurisdictional requirements of this Court. Further, Plaintiff seeks unlimited compensatory damages in the form of future pain and suffering, disability, disfigurement and inability to lead a normal life. These alleged damages have been found to satisfy the jurisdictional threshold. *See, e.g., Gebbia v. Wal-Mart Stores, Inc.,* 233 F.3d 880, 883-84 (5th Cir. 2000) (ruling in a slip and fall ase that alleged damages for "medical expenses, physical pain and suffering, mental anguish and sufering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disabilty and disfigurement" met the jurisdictional threshold); *Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244 (S.D. Fla. 1982) (holding that complaint, which did not allege more than state jurisdictional amount in controversy but alleged permanent and serious injuries, loss of wages, loss of earning capacity, loss of capacity for the enjoyment of life and great expense for future medical treatment, was removable on its face).

20. Clearly, the $75,000.00 threshold is satisfied in this matter.

### *State Court Pleadings and Notice*

21. A copy of all process, pleadings and orders are attached to this Notice of Removal in compliance with 28 U.S.C. § 1446(a).

CASE NO. 24-003916-CI-15

22. The Defendants have filed a copy of this notice with the Clerk of the Court of the 6th Judicial Circuit in and for Pinellas County County, Florida, in compliance with 28 U.S.C. 1446(d) (See Exhibit, Notice of Filing Notice of Removal)

23. The undersigned attorney is fully licensed in the State of Florida and is authorized to practice in the United States District Court for the Middle District of Florida Further, the undersigned attorney have been authorized by Defendant NORDSTROM, INC. to file this Notice of Removal.

24. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to brief any disputed issues and to present oral argument in support of the defense position that this case is properly removable.

25. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Defendants' right to assert any defense or affirmative matter.

WHEREFORE, for the reasons stated above, the Defendant NORDSTROM RACK, respectfully request that this Court accept jurisdiction over this matter and that the above-styled action be removed to the United States District Court for the MIDDLE District of Florida because the citizenship of the parties is diverse and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00).

CASE NO. 24-003916-CI-15

Dated: October 4, 2024

Respectfully submitted,

___/s/ Erik P. Crep_____
Erik P. Crep, Esquire (0755591)
ECREP@wickersmith.com
WICKER SMITH O'HARA
 McCOY & FORD, P.A.
2800 Ponce de Leon Boulevard
Suite 800
Coral Gables, FL  33134
Telephone:    (305) 448-3939
Facsimile:    (305) 441-1745
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on October 4, 2024 and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

___/s/ Erik P. Crep_____
Erik P. Crep, Esquire

CASE NO. 24-003916-CI-15

## SERVICE LIST

Timothy M. Ingram, Jr., Esquire
Ingram Injury Law, P.A.
2201 N.E. Coachman Road, Suite 102
Clearwater, Florida 33765
tim@ingraminjurylaw.com
timjr@ingraminjury.com
megan@ingraminjurylaw.com
heide@ingraminjurylaw.com